### CURRAN v. GALEN et al.

(Supreme Court, Special Term, Monroe County. December, 1892.)

CONSPIRACY—LABOR ORGANIZATIONS—PREVENTING EMPLOYMENT.

> An agreement between a labor organization and an association of manufacturers that no manufacturer belonging to the association shall employ any person who is not a member of the labor organization, or retain for a longer time than four weeks any employe who refuses to join the labor organization, is a conspiracy.

. Action by Charles Curran against Louis Galen and others. Plaintiff demurs to the second count of the answer. Demurrer sustained.

A. G. Warren, for plaintiff.

D. C. Feely, for defendants.

ADAMS, J. The complaint in this action charges the defendants with conspiring to injure plaintiff in his business and character, and to prevent his obtaining employment. The defendants represent certain labor organizations in the city of Rochester. The plaintiff was in the employ of the Miller Brewing Company of the same city, and this company was a member of the Ale Brewers' Association. An agreement was entered into between the latter association and the local assembly of which the defendant Galen was president, by the terms of which no brewery belonging to the association was to employ any person not a member of defendants' organization, nor to retain in its employ for a longer period than four weeks any person who declined to join such organization. The plaintiff was not a member of the local assembly, and upon being solicited to join the same declined so to do. The defendants thereupon notified the Miller Brewing Company of this fact, and plaintiff was at once discharged from its employ. These facts constitute the conspiracy charged in the complaint, and they are likewise set forth at length in that portion of the answer demurred to, coupled with the allegation that defendants' acts were without any intent or purpose to injure the plaintiff. The sole question presented, therefore, is whether the defendants, in what they did, were acting lawfully. If they were, of course no charge of conspiracy will lie against them. It appears that the defendant the Brewery Workingmen's Local Assembly 1,796, Knights of Labor, is one of the various labor organizations of the country. Its

members are workingmen who have associated themselves together, ostensibly for co-operation and self-protection. In doing this they have violated no law, and so long as they have no unlawful object in view the legality of their organization cannot be questioned. For instance, the members of this local assembly may attempt, by co-operation, to increase their wages, and to that end may agree that they will work only for a certain price, or upon certain conditions, provided those conditions are lawful. Carew v. Rutherford, 106 Mass. 1, 14. But it has been held that co-operative effort, while lawful within certain limits, ceases to be so when coercion is employed to control the freedom of the individual in disposing of his labor or capital, (Snow v. Wheeler, 113 Mass. 179,) and it seems to me that this is just where the defendants herein have overstepped the boundary line. Not satisfied with becoming members themselves of local assembly 1,796, they have insisted that as a condition of retaining his position in the employ of the Miller Brewing Company the plaintiff shall also join their organization, and, upon his refusing to comply with their demands, he has, by their direction, been deprived of his position, and of the opportunity which it affords him to earn a living. This looks very much like unlawful coercion, or, what amounts to the same thing, conspiracy. The defendants had a perfect right, as we have seen, to unite with this or any other labor organization, but they had no right to insist that others should do so, and when they make plaintiff's refusal to join it a pretext for depriving him of his right to labor, they interfere with his personal liberty in a manner and to an extent the law will not countenance, and their action, instead of affording a protection to, operates as a restraint upon, honest labor. There is a statute in force in this state which makes it a misdemeanor for an employer to require as a condition of a person's entering or remaining in his employ that he shall not become a member of any labor organization. Pen. Code, § 171a. The object of this enactment was doubtless to prevent what the legislature regarded as an improper interference by employers with the rights of their employes, and, if it is made illegal for the former to coerce the latter, it is difficult to see why it should not be equally unlawful for one employé to attempt to influence another's action by the same means. In passing upon a question somewhat similar to the one under consideration, which arose in the state of Massachusetts, Shaw, C. J., declares that "the legality of such an organization will depend upon the means to be used for the accomplishment of its objects, and whether they be innocent or otherwise." Com. v. Hunt, 4 Metc. (Mass.) 111--134. It has been shown, I think, that one of the means employed by the defendants to accomplish the objects of their organization, and the one complained of, not only contravenes one of the fundamental principles of our free institutions, but it likewise violates the spirit, if not the letter, of a statute of this state. It follows, therefore, that the facts set forth in the second count of the answer herein by way of defense to plaintiff's cause of action constitute an unlawful act, and the demurrer must consequently be sustained.